W. H. REAVIS et al v. GEORGE ORENSHAW et al.

*Contract—Rescission—Evidence—Damages—Assignment—*
*Notice—Judge's Charge.*

1. In an action to declare, among other things, a contract rescinded, plaintiffs proposed to show that defendants offered to compromise the matter; the defendants, without objection, had already testified that, after failing to make settlement with plaintiffs, they had offered to accept a sum by way of compromise: *Held,* that while, generally, an offer of compromise is incompetent evidence, inasmuch as it was irrelevant in this case, its admission could not prejudice defendants, and was harmless.

2. Where it appeared from the evidence that both plaintiffs wrote to one of the defendants and asked him not to ship certain machinery previously ordered and contracted for, and the machinery was not shipped, and there was also an offer by the plaintiffs to pay damages: *Held,* there was some evidence to go to the jury of a rescission of the contract.

3. Failure to produce a note or paper on trial, which ought to have been produced, is a circumstance which the jury may consider in passing upon any alleged fact which would be made to appear or not appear by its production.

4. Where, upon an issue of damages for advertising for sale land embraced in a deed of trust securing a contract which had been rescinded, there was no evidence to go to the jury by which to determine the amount of damages: *Held,* that the charge of the Court that "if the jury shall decide that plaintiff is entitled to damages, the measure of his damages will be his loss resulting from inability to sell his land," etc., was error, and entitles defendant to a new trial.

CIVIL ACTION, tried at Spring Term, 1890, of VANCE Superior Court, *Armfield, J.,* presiding.

In a complaint filed by the plaintiff Reavis, it is alleged, in substance, that in November, 1885, he and Joseph H. Edwards contracted with the defendant Orenshaw, agent of

the defendant Farquhar, for the purchase of certain machinery, at the price of $2,208—$208 to be paid in cash and the balance in three equal intallments at six, twelve and eighteen months from date of shipment, with eight per cent. interest, and that they executed their notes for said payments; that at the same time, in addition to the said machinery, the title to which was to be retained till the purchase-money was paid in full, the plaintiff Reavis conveyed to the defendant Orenshaw certain land, mentioned in the complaint, in trust, to secure the payment of the purchase-money, with power of sale; that within four or five days after the execution of the said contract and deed, and "before the defendants had even attempted to begin packing the goods for shipment," the plaintiffs, having ascertained that they could not secure a sufficient sum to make the cash payment of $208, wrote to the defendant Farquhar, who lived in York, Pennsylvania, and "countermanded the order and offered to pay them any costs and damages they had sustained"; that after that time the plaintiff heard nothing from Farquhar; the machinery was never shipped, and he thought that Farquhar was satisfied; but, notwithstanding the countermand of the order and the non-shipment of the machinery, the defendant Orenshaw, as trustee, &c., has advertised the land of the plaintiff, conveyed in the deed of trust, to be sold, &c., and he asks that the defendant Orenshaw be restrained, &c.

The defendant Orenshaw answers, substantially admitting the contract as alleged, but denying the other allegations and averring that, some time after forwarding the contract to Farquhar, and after the preparations for "filling the contract were well under way" and the machinery in course of construction, he was notified by Farquhar that he had received a letter from the plaintiff directing "the shipment of the machinery to be stopped, and asking to be released from the contract of purchase." The defendant, as agent of

Farquhar, saw the plaintiffs and attempted to procure a settlement, but they persistently refused; that he has no interest in the matter, except as trustee; that he is informed and believes that one of said notes was assigned to E. P. Stair, cashier of the Farmers National Bank of York, Pennsylvania, by Farquhar, before maturity and without notice, &c.; that, by the terms of the deed executed to him, he is to sell, upon default, at the request of the said Farquhar or his assigns; that he has been requested by Farquhar and said Stair to sell, and admits his purpose to do so, unless restrained, &c.

A temporary restraining order was granted, which was afterwards continued to the final hearing.

By an order in the cause, J. H. Edwards was made party plaintiff, and E. P. Stair party defendant.

An amended complaint was filed, setting forth that E. P. Stair claimed to be the owner of one of the notes, and that " he alleged that it was transferred to him before maturity." It was further alleged that, by reason of the action of the defendants in advertising the land of the plaintiff Reavis, he had sustained damage, &c.

The defendant Farquhar filed a separate answer, admitting, substantially, the contract as alleged in the complaint, and that Orenshaw had advertised the land for sale, but denying the other allegations; and for a further answer, he says, in substance, that he has incurred expenses and liabilities to the amount of $800, which will be a total loss to him if the prayer of the plaintiffs is granted; that he never consented to a change or rescission of the contract, &c.

The defendant E. P. Stair also filed a separate answer, denying knowledge or information sufficient to form a belief as to most of the allegations of the complaint, but he is informed and believes that the promissory notes became due at six, twelve and eighteen months after date, respectively, and that they are secured by the trust. He also says that

he is the owner of the note for $667, due twelve months after date, and admits that he has called upon the trustee to sell, &c.

In response to the issues submitted, the jury say—

1. That the defendant Farquhar agreed to a rescission of the contract.

2. That he sustained no damage by the rescission.

3. That the note for $667 was not assigned to E. P. Stair before maturity, and for value, and without notice of the plaintiffs' equity.

4. That the plaintiff Reavis has sustained damage by reason of the wrongful acts of the defendants, to the amount of twenty dollars.

There was judgment for the plaintiffs, and the defendants appealed.

Upon the trial, the plaintiffs having notified the defendants to produce the notes and letters referred to in the pleadings, copies were introduced, as were also the contract of purchase and deed of trust.

J. H. Edwards, one of the plaintiffs, testified that four or five days after executing and forwarding the contract, notes and deed of trust, he wrote to the defendant Farquhar "that plaintiffs could not raise the money to meet the cash payment; asked him not to ship the machinery, and they would pay him damages." No answer was received, nor was the machinery shipped, and plaintiff understood Farquhar to agree to his proposition for these reasons.

"Being cross-examined, he stated that all plaintiffs' dealings with Farquhar had been through his agent, George Orenshaw; that this letter was the only direct communication with him, that witness knew of; that a few days after writing that, the agent, Orenshaw, came to witness about the matter, and tried to settle it, but no agreement was reached. Witness told Orenshaw that he did not propose to pay any damages, but thought Reavis ought to pay something—at

least the attorneys' fees for arranging the contract and deed of trust. Orenshaw spoke to the witness two or three times about the matter, and showed him a letter from Farquhar about it. When the six-months note fell due it was presented by the bank for payment, but was not paid. After the note was sent back by the bank, Farquhar sent an agent here from York, Pa., who tried to settle the matter with plaintiffs, but they could not agree as to the amount of damages, and no agreement was ever reached.

" On his re-direct examination, plaintiffs proposed to show by the witness that the defendant Farquhar, through the agent sent out from York, Pa., offered to settle with plaintiffs for $200. Defendants objected. Objection overruled, and defendants excepted."

" Witness then testified that Farquhar's agent offered to settle and give up the deed and notes for $200; does not remember that anything was said about one of the notes being assigned to E. P. Stair."

The other facts necessary to an understanding of the matters passed upon are stated in the opinion.

*Messrs. A. C. Zollicoffer* and *C. M. Cook*, for plaintiffs.
*Mr. T. M. Pittman*, for defendants.

DAVIS, J.—after stating the case:

1. We do not understand counsel for the plaintiff to controvert the settled principle that when an offer of compromise is made and rejected, the rights of the parties remain, without prejudice, precisely as they were before the offer; but they insist that the evidence is rendered competent by what was said on the cross examination.

The defendant Farquhar, whose deposition (taken before the trial) was read, testified, without objection, that after he had been unable to effect a settlement with Reavis and Edwards, " who pleaded their poverty, among other reasons,

for not making a settlement, I promised to take $200 in full settlement of the whole amount due me, and pay off the discounted note and return it with the others"; and we are unable to see how the testimony objected to could prejudice the defendant.

2. The second exception is to the submission of the fourth issue which relates to alleged damages sustained by Reavis. The issues are made by the pleadings, and, as the complaint alleges and the answer denies, that Reavis has sustained damage, the issue was a proper one    Whether his Honor should have instructed the jury that there was no sufficient evidence to sustain the allegation, is a different question, as will be seen, when we come to consider the exception to his charge in relation thereto.

3. The third exception was to the refusal of his Honor to instruct the jury, " That there was no evidence of any agreement on the part of A. B. Farquhar to the rescission of his contract with the plaintiff."

Both Edwards and Reavis testified that Edwards, within four or five days after the contract was made, wrote to Farquhar, "asking him not to ship the machinery, and offering to pay damages"; that the machinery was to be sent within seven days from the time they sent the contract, and as the machinery was not shipped, and no answer received, they understood the request not to ship the machinery to have been agreed to by the defendant.

It appears from the testimony of both Edwards and Reavis that they wrote to Farquhar, "asking him not to ship the machinery and offering to pay damages." It further appears that the machinery was not shipped, and much of the evidence sent up with the record, and which we deem it unnecessary to set out, relates to a controversy between the parties as to the amount of damages sustained by the defendant.    Orenshaw testified that "the letter from plaintiffs to Farquhar, asking him not to ship the machinery and let

them pay damages was sent to him, with instructions to see the plaintiffs and make some settlement, and that he tried to settle with them and never succeeded." The plaintiffs, in their letter, promised to pay damages, and the subsequent controversy seems to have related only to that question.

The defendant Farquhar did not ship the machinery, and whatever may have been the amount of damages sustained by the defendant, we think there was some evidence to go to the jury upon the question of the rescission of the original contract. The plaintiffs made an offer to pay damages, asking defendant not to ship the machinery under the contract' and if the defendant agreed to this, and did not ship the machinery in consequence of it, the failure, thereafter, to agree upon the amount of damages would not affect the question of rescission.

4. The fourth exception related to the latitude permitted plaintiff's counsel in the course of his closing argument. It does not appear that his Honor was requested to interpose and stop counsel, and he instructed the jury, "in substance, to consider the evidence without reference to any prejudice," which removed the objection.

The fifth, sixth and seventh exceptions are embraced in the following charge to the jury, and indicate—

5. That they might consider the testimony and determine, from all the circumstances, whether the defendant Farquhar agreed to rescind his contract with the plaintiffs; that he had a right to ship the goods and hold plaintiff to their contract, but if the jury should find that the negotiations between Farquhar's agent and the plaintiffs for a settlement, subsequent to the letter from plaintiffs to Farquhar, had sole reference to the question of damages, that fact might be considered, in connection with his not shipping the machinery, as tending to show his agreement to the rescission.

6. That, after notice to the defendant to produce the notes, or bonds, given by plaintiffs to A. B. Farquhar, it was the duty of the defendant to produce them, and the jury may consider their failure to produce them, after such notice, as evidence tending to show that the one due twelve months after date had not been assigned to E. P. Stair before maturity.

7. That upon the question of damages, if the jury shall decide that the plaintiff Reavis is entitled to damages, the measure of his damages will be the loss resulting in his inability to sell his land because of the defendant's deed of trust (seventh exception).

As to the fifth exception, we think the charge of his Honor was warranted by the evidence, to which we have already referred, and there was no error.

As to the sixth exception, the notes were in the possession or under the control of the defendant, and if, after notice, they were not produced, the jury might consider that as a circumstance, in passing upon any alleged fact which would be made to appear, or not appear, by the production of the notes themselves; and of this the defendant would have no right to complain. It will be observed that the defendant Stair does not allege that the note was transferred before maturity and without notice, but there was no objection to the issue.

As to the seventh exception, there was no evidence to warrant the charge of his Honor as given. The only evidence in any way bearing upon the question is that of the plaintiff Reavis, which is as follows: "I think it was about a year ago that my land was advertised by Orenshaw; I have been damaged by the property being advertised, and by its being tied up with this deed of trust; I had a chance to sell the land at a good profit."

On his cross-examination, he said that "the notes had never been returned to him, and the deed of trust had never

been cancelled; that he had never called upon either Farquhar or Orenshaw for their surrender and cancellation; that at the time he had an opportunity to sell his land there were judgments against him, two or more of them docketed in the Superior Court Clerk's office, and a lien on his land of small amounts, and his land was worth $800."

This was all the evidence in any way relating to the question of damages to the plaintiff, and it presented the jury with no *measure*, great or small, by which to determine the amount of damages, if any, sustained by the plaintiff. His original complaint made no demand of judgment for damages, but only asked that the defendant Orenshaw be restrained from selling or disposing of the property until the question as to the amount due the defendant, if any, could be passed upon and ascertained.

There was error in the charge excepted to, and the defendants are entitled to a new trial.

Error.